CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

SEP 1 3 2013

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| HOPE M. WILLIAMS, | ) |
|     Plaintiff, | ) Civil Action No. 7:12-cv-242 |
| | ) |
| | ) **MEMORANDUM OPINION** |
| v. | ) |
| | ) Hon. James C. Turk |
| CAROLYN W. COLVIN,[1] | ) |
| Acting Commissioner of Social Security, | ) Senior United States District Judge |
| | ) |
|     Defendant. | ) |

Plaintiff Hope M. Williams ("Plaintiff" or "Williams") brought this action for review of Defendant Carolyn W. Colvin's ("the Commissioner") final decision denying her claim for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("the Act"), as amended, 42 U.S.C. §§ 401-433; 42 U.S.C. §§ 1381-1383f. This Court has jurisdiction over the action pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3). Both Williams and the Commissioner filed motions for Summary Judgment. ECF Nos. 10, 17.[2] Neither party has requested that a hearing be held and the motions are now ripe for disposition.

Williams raises a number of grounds for relief in her appeal, each of which is specifically addressed herein. The ultimate issue before the Court, however, is whether substantial evidence supports the Commissioner's final decision that Williams is not disabled. For the reasons stated below, the Court finds that substantial evidence supports the Commissioner's final decision. Accordingly, the Commissioner's Motion for Summary Judgment is **GRANTED** and Plaintiff's Motion for Summary Judgment is **DENIED**.

---

[1] Carolyn W. Colvin became the Acting Commissioner of Social Security on February 14, 2013. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Carolyn W. Colvin is hereby substituted for Michael J. Astrue as the defendant in this suit.

[2] Plaintiff filed an initial brief in support of her motion, ECF No. 11, but then filed a "supplemental" brief, ECF No. 16, which the Court treats as an amended brief.

1

I.  **STANDARD OF REVIEW**

When reviewing the Commissioner's final decision, the Court's review is limited to determining whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner reached those findings through application of the correct legal standards. See 42 U.S.C. § 405(g); Hancock v. Astrue, 667 F.3d 470, 472 (4th Cir. 2012).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion; it consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (internal citations omitted); Hancock, 667 F.3d at 472. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). If the Commissioner's determinations are supported by substantial evidence, a reviewing court may not substitute its judgment for the Commissioner's, but instead must defer to those determinations. Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); 42 U.S.C. § 405(g). Accordingly, "[i]n reviewing for substantial evidence, we do not undertake to reweigh conflicting evidence, make credibility determinations, or substitute our judgment for that of the ALJ . . . . Where conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ." Hancock, 667 F.3d at 472 (internal alterations and citations omitted).

Williams bears the burden of proving that she is disabled within the meaning of the Act. English v. Shalala, 10 F.3d 1080, 1082 (4th Cir. 1993) (citing 42 U.S.C. § 423(d)(5)(2006)). The Act defines "disability" as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment, which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12

months." 42 U.S.C. § 423(d)(1)(A). Disability under the Act requires showing more than the fact that the claimant suffers from an impairment which affects her ability to perform daily activities or certain forms of work. Rather, a claimant must show that her impairments prevent her from engaging in all forms of substantial gainful employment given her age, education, and work experience. See 42 U.S.C. §§ 423(d)(2) and 1382c(a)(3)(B).

The Commissioner uses a five-step process to evaluate a disability claim. Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002). The Commissioner asks, in sequence, whether the claimant: (1) is working; (2) has a severe impairment; (3) has an impairment that meets or equals the requirements of a listed impairment;[3] (4) can return to her past relevant work; and if not, (5) whether she can perform other work. Heckler v. Campbell, 461 U.S. 458, 460-462 (1983); Johnson v. Barnhart, 434 F.3d 650, 654 n.1 (4th Cir. 2005) (per curiam) (citing 20 C.F.R. § 404.1520). The inquiry ceases if the Commissioner finds the claimant disabled at any step of the process. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four to establish a prima facie case for disability. The burden shifts to the Commissioner at step five to establish that the claimant maintains the Residual Functioning Capacity ("RFC"), considering the claimant's age, education, work experience, and impairments, to perform available alternative work in the local and national economies. 42 U.S.C. § 423(d)(2)(A); Taylor v. Weinberger, 512 F.2d 664, 666 (4th Cir. 1975).

---

[3] A "listed impairment" is one considered by the Social Security Administration "to be severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience." 20 C.F.R. § 404.1525(a).

## II. PROCEDURAL HISTORY AND FACTUAL BACKGROUND

### A. Procedural Background

This is the third time Williams has appealed an adverse disability finding to this Court. In the instant case, Williams appeals from the most recent finding that she is not disabled, rendered by Administrative Law Judge ("ALJ") Steven A. De Monbreum on January 29, 2010. See generally R. 639-655.

Williams's attempts to obtain benefits began approximately ten years ago, when she filed her initial claim for benefits on September 11, 2003 and alleged a disability onset date of March 1, 2001. R. 199-201.[4] That claim was denied initially, R. 26-30, and on reconsideration. R. 32-34, 203-05. A hearing was held on December 3, 2004. R. 219-241. The ALJ found Williams not disabled on December 16, 2004. R. 14-23. The Appeals Council denied Williams's request for review on April 27, 2005, R. 6-9, and she appealed.

In an Order dated February 6, 2006, the United States District Court remanded the case for further proceedings. R. 277-286. As a result, on March 4, 2006, the Appeals Council vacated the ALJ's first decision and remanded the case back to the ALJ. R. 274-276.

On August 15, 2006 a second hearing before the ALJ was held. The ALJ again found Williams not disabled, issuing his decision on September 15, 2006. R. 257-266; 1193-1202. The Appeals Council declined to assume jurisdiction on July 28, 2008. R. 242-244. Williams appealed for the second time and, on April 28, 2009, this Court remanded the case for further proceedings on the Commissioner's unopposed motion. R. 675-681; see also Defendant's

---

[4] Citations to the Certified Administrative Record, ECF Nos. 7-1, 7-2, and 14-1 are designated by "R." throughout this Opinion. Some records that should have been included in the original record were inadvertently omitted and were filed as a supplemental record. ECF No. 14-1.

Motion for Remand, Williams v. Astrue, No. 7:08-cv-512 (W.D. Va. April 27, 2009) (also docketed as ECF No. 21 in that case) (explaining reasons for requesting remand).

On May 11, 2009, the Appeals Council vacated the ALJ's second decision, remanded the case to a different ALJ, and directed that Williams's claims be considered with subsequent claims filed by Williams on August 14, 2008. R. 683-687.

On December 15, 2009, a third hearing was held. R. 1166-1192. In a decision issued January 29, 2010, the ALJ again found Williams not disabled. R. 636-655. The decision of the ALJ again became the final decision of the Commissioner when the Appeals Council declined to assume jurisdiction on May 17, 2012. R. 622-625. Williams timely appealed to this Court.

### B. Factual and Medical Background of Plaintiff

Williams was born on April 17, 1966, was thirty-four years old at the time she alleges she became disabled, and was forty-three years old at the time of the most recent ALJ's decision, which places her in the category of "younger individual." R. 47, 653; see 20 C.F.R. §§ 404.1563(c), 416.963(c). Williams was insured through March 31, 2006; R. 642; therefore she must show that her disability began before the end of this insurance period, and existed for twelve continuous months to receive DIB benefits. 42 U.S.C. § 423(a)(1)(A), (c)(1)(B); 20 C.F.R. §§ 404.101(a), 404.131(a). Williams has her GED, as well as one year of college, and is able to communicate in English. R. 316, 653. Williams's past relevant work includes work as a motel housekeeper, a janitor, and a stocker. R. 653.

In the latest ALJ decision on January 29, 2010, Williams's application for DIB and SSI benefits was denied. R. 639-55. The ALJ found that Williams had not engaged in substantial gainful activity since March 1, 2001, the alleged onset date. R. 642. He also found that Williams had severe impairments of "left cubital tunnel syndrome; left ulnar nerve, status post muscular

5

ulnar nerve transposition; neuralgia NOS; obesity; Ménière's syndrome; osteoarthritis; and fibromyalgia." R. 642. He concluded that she did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments. R. 649. The ALJ determined Plaintiff had the residual functional capacity to perform light work, except that Plaintiff "should never climb ladders/ropes/scaffolds and should avoid all exposure to hazards (machinery, heights, etc.)." R. 650. The ALJ further determined Plaintiff was capable of performing past relevant work as a motel housekeeper, a janitor, and a stocker.[5] R. 653. The ALJ also made an alternative finding for step five of the sequential evaluation process that she could perform other work available in significant numbers in the national and local economies. R. 653-54. Thus, the ALJ concluded Plaintiff was not under a disability. R. 655.

Williams's medical history is long and her medical records voluminous. The ALJ discussed the records at length, see R. 642-649, and listed her "severe" impairments as discussed in the preceding paragraph. R. 642. Williams has not argued that she has any other severe impairments, but she does claim limitation in her left upper arm. ECF No. 16 at 13. The Court therefore considers both the ALJ's named impairments and the alleged impairment in her left upper arm in deciding whether substantial evidence supports the Commissioner's decision. Rather than reiterating all of the medical history here, the Court will instead refer to records as relevant to the Court's discussion of the parties' arguments.

### III. DISCUSSION

In her motion for summary judgment, Williams makes four primary arguments. First, she contends that the ALJ erred in evaluating and applying prior ALJ decisions in her case. ECF No.

---

[5] In the heading of this section of his opinion, the ALJ refers to all three of these jobs, but in his discussion, he refers to the vocational expert's opinion as only stating that Plaintiff could perform the work of a motel housekeeper, which the VE classified as light and unskilled. R. 653.

16 at 10-12. Second, she argues that the ALJ failed to consider her overall residual functional capacity. Id. at 12-14. In particular, she contends that the ALJ failed to evaluate her limitations resulting from her left elbow, which includes a March 31, 2009 diagnosis of neuralgia and medical evidence that she consistently reported limitations of her left upper extremity to medical providers. Third, she argues that the ALJ failed to give appropriate weight to the opinions of two of her treating physicians, Drs. Harpold and Reefe. Id. at 14-16. Fourth and finally, she argues that the ALJ erred in finding that she was capable of returning to past relevant work. Id. at 17. The Court addresses each of these arguments in turn below.

### A. Alleged error in discussing Albright and SSAR 00-1(4)

Plaintiff's first argument is that the ALJ erred in evaluating and applying the prior ALJ decisions in her case under Albright v. Comm'r of Soc. Sec. Admin., 174 F.3d 473, 473 (4th Cir. 1999) and Social Security Acquiescence Ruling 00-1(4), hereinafter "SSAR 00-1(4)" or "the Ruling." 2000 WL 43774 (Jan. 12, 2000). Albright was a Fourth Circuit decision that was subsequently interpreted by the Social Security Administration in SSAR 00-1(4). That ruling applies where the Agency is "adjudicating a subsequent disability claim arising under the same or a different title of the Act as [a] prior claim." 2000 WL 43774, at *4. It directs the Agency to consider any "prior finding" and to consider three specific factors to determine "the weight to be given such a prior finding." Id.

The ALJ reasoned that SSAR 00-1(4) was not applicable in this case and "there is no Albright issue here" because the Appeals Council had vacated the prior ALJ decisions. R. 653. He nonetheless gave some reasons as to why he was finding less restrictive limitations with regard to Plaintiff's residual functional capacity than ALJ Malick had. R. 653; see also R. 20,

263 (ALJ Malick's now-vacated decisions that Plaintiff was limited to performing a limited range of sedentary work).

Plaintiff's arguments in this section of her brief are somewhat convoluted. Her section heading proclaims that the "ALJ erred in evaluating and applying prior Administrative Law Judge Decisions." ECF No. 16 at 10. She then posits that the ALJ applied SSAR 00-1(4) to a July 25, 2003 decision of ALJ Malick, and that, although he cited the three factors from the Ruling, he "fail[ed] to appropriately discuss each." Id. at 11. To the extent that Plaintiff is arguing SSAR was or should have been applied to either of the two earlier ALJ decisions, the Court agrees with the Commissioner that her argument is meritless. In fact, both of the prior ALJ decisions in this case were vacated, and thus there was no "prior finding" to be afforded any weight under SSAR 00-1(4). Furthermore, the ALJ expressly stated that Albright—and hence the Ruling—were inapplicable. R. 653 ("[T]here is no Albright issue here . . . ."). Thus, to the extent Plaintiff is arguing that the ALJ either should have applied the Ruling and failed to, or that he applied the Ruling inappropriately, those arguments are unavailing.[6] Put differently, the ALJ correctly concluded that "there were no previously adjudicated claims before the ALJ when he adjudicated Plaintiff's current claim." See ECF No. 18 at 11.

Plaintiff next contends "the ALJ failed to thoroughly consider the cumulative file and instead attempted to give the most recent records greater weight than he gave the older records from dated July 25, 2003 (date of initial ALJ decision) through August 14, 2008 (date of subsequent filing)." ECF No. 11 at 11. She contends that her disability has covered a ten-year period and fluctuated in severity. For support of this argument, she relies heavily on the fact that

---

[6] Plaintiff also faults the ALJ for relying on evidence "not in the current file." The Commissioner later filed a supplemental record containing the additional evidence. See ECF No. 14.

the ALJ referenced only one of the two prior decisions by ALJ Malick (the September 15, 2006 decision, but not the December 16, 2004 decision). See R. 14-23, 257-266.

The Court has reviewed the medical records in this case, but concludes that the ALJ's decision as to Plaintiff's limitations is supported by substantial evidence. The disposition of this case is admittedly complicated by the voluminous medical records and the changing status of Plaintiff's various ailments during the lengthy period she claims to have been disabled. The Court is convinced, however, that the ALJ adequately considered Plaintiff's medical records from the entirety of the applicable period. Indeed, the ALJ's decision included a detailed discussion of her records for the entire applicable period, dating back to 2001. It also included an adequately supported explanation as to why he was rejecting Plaintiff's complaints of pain as not entirely credible, at least to the extent they were inconsistent with the RFC he found. Quite simply, the fact that he may have weighed recent records more heavily does not obviate the fact that there is substantial evidence to support his determinations.

**B.     Substantial Evidence Supports the ALJ's Determination as to Williams's Functional Limitations**

Williams next contends that the ALJ failed to properly evaluate her limitations resulting from her left elbow, which include a March 31, 2009 diagnosis of neuralgia and medical evidence that she consistently reported limitations of her left upper extremity in medical appointments.

Again, the Court has reviewed the medical evidence with regard to Williams's elbow and concludes that there was substantial evidence in the record to support the RFC found by the ALJ. In this regard, Williams's left cubital tunnel syndrome, ulnar nerve status post muscular ulnar nerve transposition, neuralgia and left arm weakness appear to be related. Left cubital tunnel syndrome is "the condition resulting from a compression or injury of the ulnar nerve at the

9

elbow." Attorney's Dictionary of Medicine, C-517. Williams underwent surgery on her left elbow on March 6, 2008, in which the surgeon relocated the ulnar nerve from behind the elbow to the front of the elbow. See R. 1009-1011. In August through October 2008, Williams complained of pain, numbness, and tingling in her left arm and hand. R. 1055-58. Williams again complained of left elbow and wrist pain in December 2008. R. 1075. Notably, though, her sensory exam was "normal with normal two-point discrimination." Id.

Williams underwent revision surgery on her left elbow on July 28, 2009 and reported on August 18, 2009 that she was healing well. R. 1576. At that visit, she had good range of motion in the elbow, and her incisions were neurovascularly intact. R. 1576. She complained of continuing pain, but the physicians' assistant who treated her noted that her medication controlled her pain. R. 1576. She was transitioned at that time to a home therapy program and instructed to follow-up in two months. R. 1576.

While there was medical evidence that she reported limitations of her left upper extremity in medical appointments, those subjective statements (both in appointments and in her testimony at the hearing), the ALJ explained that he found Williams's subjective statements to be incredible to the extent they were inconsistent with the RFC.

In reviewing this credibility finding, this court must employ a lenient standard of review, because it is the ALJ's task to determine the facts and resolves inconsistencies between a claimant's alleged impairments and her ability to work. See Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). The ALJ must examine all of the evidence, including the objective medical record, and determine whether Williams met her burden of proving that she suffers from an underlying impairment which is reasonably expected to produce her claimed symptoms. Craig, 76 F.3d at 592-93. Notably, an ALJ may disregard or discount a plaintiff's description of

symptoms, as the ALJ did here, if that description does not comport with the objective medical evidence. Id. at 595. Moreover, a reviewing court gives great weight to the ALJ's assessment of a claimant's credibility and should not interfere with that assessment where the evidence in the record supports the ALJ's conclusions. See Shively v. Heckler, 739 F.2d 987, 989-90 (4th Cir. 1984) (finding that because the ALJ had the opportunity to observe the demeanor and to determine the credibility of the claimant, the ALJ's observations concerning these questions are to be given great weight).

Here, the ALJ's credibility determination is supported by the objective medical evidence. Although it is true that Williams repeatedly complained of pain or numbness, both to her providers and at the hearing before the ALJ, it is also accurate that the medical evidence does not support the extreme limitations she believes she has. See ECF No. 650 (ALJ's summary of Plaintiff's testimony at the hearing, which included assertions, for example that she gets fatigued and tired if she is on her feet for 30-45 minutes, but admitted that she receives no treatment for fatigue and has no diagnosis for fatigue). As noted by the ALJ, she lives by herself in an apartment and handled all personal care, food preparation and cleaning by herself, again undermining the suggestion that she is as limited in her ability to work as she professes. See R. 652.

### C. Substantial Evidence Supports the ALJ's Determination of the Weight to be Assigned to Williams's Treating Physicians, Drs. Harpold and Reefe

In her third contention, Williams argues that the ALJ failed to give appropriate weight to the opinions of two of her treating physicians, Drs. Harpold and Reefe. ECF No. 16 at 14-16. In particular, she contends that the ALJ's statement that "both physicians did at most a cursory examination to assist the claimant in getting welfare benefits," R. 652, is unsupported by the record. She also asserts that the medical records in her case support the opinions of her two

11

treating doctors. In conjunction with this contention, moreover, Williams asserts that the ALJ erred in according "greater weight" to the September 10, 2009 DDS assessment as to her limitations, and suggests that the ALJ erred in failing altogether to address the more limiting November 10, 2008 DDS report. ECF No. 16 at 16. The Court has carefully considered these arguments, but nonetheless finds that the ALJ's decision is supported by substantial evidence.

Dr. Harpold's opinion, on July 6, 2004, stated that Williams suffers from frequent episodes of disabling vertigo secondary to vestibulopathy and possible Meniere's disease. He opined that her impairments render her unable to work and severely limit her capacity for self-support, and that her condition is chronic and lifelong. R. 191.

About four months later, on November 23, 2004, Dr. Reefe opined that Plaintiff could lift or carry a maximum of five pounds; can stand/walk a total of one hour in an 8-hour day; can sit a total of eight hours in an 8-hour day, four hours without interruption, and that she could never climb, stoop, kneel, balance, crouch, or crawl, is limited in her ability to reach, handle and push/pull and that she should avoid environmental hazards, including heights, moving machinery, dust, fumes, humidity, and vibration. R. 180-181.

If a treating physician's opinion is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with the other substantial evidence in your case record," the ALJ is required to give it "controlling weight." 20 C.F.R. § 404.1526(c)(2). Nothing in the governing statute or regulations, however, requires that more weight always be given to the opinions of treating sources. Rather, 20 CFR. § 416.927(d) directs the ALJ to also consider, when determining how much weight to assign a medical opinion, the supportability of the physician's opinion, the consistency of the opinion with the record, and whether the physician is a specialist. See 20 C.F.R. §§ 416.927(d)(3)-(5); see also Hines, 453

F.3d at 563. Thus, the Fourth Circuit has explained that there is no "absolute" rule that greater weight should be afforded to a treating physician's opinion and indeed, it may be given less weight "if there is persuasive contrary evidence." Hines, 453 F.3d at 563 & n.2 (quoting Hunter v. Sullivan, 933 F.2d 31, 35 (4th Cir. 1992)). If, for example, the treating physician's opinion is not supported or is otherwise inconsistent with the record "it should be accorded significantly less weight." Craig v. Charter, 76 F.3d 585, 590 (4th Cir. 1996). If an ALJ does not give controlling weight to a treating physician's opinion, the ALJ must "give good reasons" for that decision. See 20 C.F.R. §§ 404.1527(d)(2); 416.927(d)(2).

In this case, after describing the assessments given by Drs. Harpold and Dr. Reefe, the ALJ explained his reasons for not crediting those opinions. Specifically, the ALJ explained that he was giving no weight to either of these opinions "because they are not supported by objective diagnostic or clinical evidence or claimant's activities of daily living." ECF No. 652. Instead, he concluded that both doctors' opinions were "based mostly upon claimant's subjective complaints" and that both physicians did at most a cursory examination. Id. He further noted that the "[r]ecords from claimant's treating sources certainly do not support these severe limitations." Id.

Furthermore, he explained that a number of factors supported his own assessment of her residual functional capacity, including her "activities of daily living (she lived along in an apartment and handled all personal care, food preparation and cleaning by herself); her relatively routine and conservative treatment, except for hysterectomy and left elbow surgery; and the opinion of the DDS.

Again, this Court is not tasked with deciding whether o not Williams is disabled, but only with determining whether substantial evidence supports the ALJ's decision that she is not

13

disabled. Having reviewed the record in this case, the Court concludes that substantial evidence supports the ALJ's determination of Williams' residual functional capacity. Accordingly, the Court will not disturb that determination.

### D. Finding That She Could Return to Past Relevant Work

In her final argument, Williams argues that the ALJ erred in finding she could return to past relevant work. As noted, the ALJ stated in his section heading that Williams was capable of performing past relevant work as a motel housekeeper, janitor, and stocker. But, according to Plaintiff, both the janitor and stocker positions are at the medium exertion level, and thus cannot be performed by her based on the ALJ's finding as to her RFC. As to the VE's testimony that Plaintiff could perform as a housekeeper (which the VE assessed as light, unskilled), R. 1184-84, Plaintiff argues that, in her prior position as a housekeeper, she frequently lifted 50 or more pounds. R. 1329. She faults the ALJ for failing to get details from her about this lifting and her past work as a housekeeper.

The Commissioner responds with the accurate fact that the Dictionary of Occupational Titles list housekeeper as unskilled, light work, and that "past relevant work" is defined as "work that you have done within the past 15 years, that was substantial gainful activity, and that lasted long enough for you to learn to do it." 20 CFR § 404.1560(b)(1). The regulations also explain that a vocational expert may

> offer expert opinion testimony in response to a hypothetical question about whether a person with the physical and mental limitations imposed by the claimant's medical impairment(s) can meet the demands of the claimant's previous work, either as the claimant actually performed it or as generally performed in the national economy.

20 CFR § 404.1560(b)(2). The above quotation makes clear that the vocational expert's testimony could be based on how the work is generally performed. Here, the ALJ determined

that Plaintiff could perform her past work, both as it is typically performed and as she performed it. Even if he were incorrect about the latter, his determination that she could perform it as it is typically performed is substantial evidence supporting his decision.

Furthermore, the ALJ Went on to make an alternative finding that Plaintiff could also perform other work with her residual functional capacity, even if she could not return to her past relevant work. ECF No. 654-55. Notably, Plaintiff does not dispute this alternative finding, a finding that also supports the conclusion that she is not disabled.

## IV. CONCLUSION

The Court has determined that the ALJ's decision is supported by substantial evidence. Therefore, the Court **GRANTS** the Commissioner's Motion for Summary Judgment, ECF No. 17, and **DENIES** the Plaintiff's Motion for Summary Judgment, ECF No. 10.

An appropriate Order shall issue this day.

ENTER: This 12th day of September, 2013.

James C. Turk
Hon. James C. Turk
Senior United States District Judge